May it please the Court, my name is Shelley Shanahan. I am here on behalf of the defendant, Mr. Michael Byce. If it pleases the Court, I would like to reserve five minutes today for rebuttal. Thank you. It is an honor to be here this morning. I thank the Court for your time and attention in reviewing this case, which, as you probably are aware by now, has been going on for some time. And Mr. Byce is appreciative of the time the Court has put into this case thus far. The case involves the development of software. My client, Mr. Byce, is a programmer, develops software by trade, writes source code. He, some time ago, was a co-patent holder with his former brother-in-law, Mr. Joel Just, the owner of JustMed. They decided to try and develop a device that would allow laryngectomies to speak with a more clear voice. And they call it, now it's called a JustTalk unit. So the software my client developed or tried to develop at some point would enable, or the idea was to enable a laryngectomy to push a button and to mouth, and then sound would come out, a clear human sound. So we're pretty familiar with the facts of this case. Yes. So I understand your main point is that the district court's measure of damages here wasn't reasonable under Idaho law. So could you start by addressing why that measure of damages, which seemed replacement value, I guess, seemed fairly reasonable, why that was an error of law? Yes. Thank you, Your Honor. And so the district court applied the same measure of damages as he had done to the misappropriation of trade secrets claim, which was reversed and remanded. There was no new measure of damages applied, even though the Idaho Supreme Court has made quite clear what the applicable measure of damages is for a conversion case and for a breach of fiduciary duty case. Now, how does that differ from the misappropriation? So the Idaho Trade Secret Act says that damages can include the actual loss caused by misappropriation, and there are various ways to measure what the actual loss was, and the district court adopted one of them. That's true. But when you look at the conversion measure of damages, it's not the same, nor is the breach of fiduciary duty measure. Under a conversion, you must look at the value of the property as compared to prior to the conversion and when it was returned, or the cost to or the reasonable value of the use of what would have been the value of the use during the detained period. The district court, with all due respect, expanded and applied a different measure somehow to software cases. And so the district court opined that because the software here was difficult to value because it's software, that then you could go on to a different measure of damages. And I submit, and this is the heart of why I'm here, is that there was no difficulty in valuing the software. Mr. Just, the only testimony we had at trial on damages came from Mr. Just, the owner of JustMed. But really, Counsel, aren't we looking at what does the Idaho Supreme Court said is the measure of damages for a conversion? I mean, one of the claims is conversion. So aren't we really looking at their language to determine if there is a measure of damage for conversion which we can apply in this particular case? I would agree. And I guess I look at Peasley, and I see what they said there, Peasley transfer. And I look at Luzar, and I see what they said there. They allow actual damages there, consequential in the form of economic loss and punitive damages. And then I look at Nora v. Safeco, and there it says, recovery to remedy the actual loss suffered. And so I look at all those damages, which all seem to apply to conversion. And I guess I'm trying to figure out then why isn't it that the amount that it took to put the company back in the position it was prior to the conversion would not equal what the Idaho Supreme Court has said? Tell me why that doesn't measure. Because the amount to put JustMed back in the place it was in is unequivocally zero. Well, but I don't know that that's necessarily so because, of course, you have one who is looking at the evidence and saying, well the amount to put them back is at least the amount it took to re-put together the software that was taken away since it didn't come back the same. So he said, the least I can do is give them $41,000. Isn't that what he said? I believe that's the tone. That's what I understood from the opinion. Well, that's what I understood from reading what Judge Williams said. So I was trying to say, okay, Judge, this is how you've kind of calculated this. And what Idaho Supreme Court case can I look at that says conversion damages don't equal that? And so I looked at all the conversion cases. That's why I cited Beasley, Luzar, Nora. And I guess I'm having a tough time understanding why that isn't an appropriate application of those cases. I don't know that it's not an appropriate application of those cases. Well, then I can't undo it. If, in fact, the Idaho Supreme Court says that's the way you figure damages and the court then figures them one of those ways, I don't think he could have figured them Beasley's way. But Beasley is one case. So I had to look at Luzar. And then I had to look at Nora. And I had to say to myself, I think he could do those cases. And he did. So how do I, as the court of appeals, not the Idaho Supreme Court interpreting their own law but only looking at what the Idaho Supreme Court did, how do I change that? Because the Idaho Supreme Court has made clear that a plaintiff must prove damages with reasonable certainty. This plaintiff came to court and unequivocally and undisputedly testified that the property that my client allegedly took for a very short period of time had no value. This is like a car being detained in a storage shed for perhaps two weeks. What is the plaintiff entitled to recover for the lack of use of his car? Two weeks of a rental? It seems to me that you're trying to argue your side of the case. When I look at what the district court does, I have to think about in this particular case, can the district court come to the conclusion it came to? I don't know. I mean, the district court said the company had to hire others to put the program back together. If Vice hadn't removed it, all indications are they wouldn't have hired Justin Lieber. The district court says because Vice removed it and would not return it with the notes, it was reasonable for them to start over, and therefore 41,250. Your Honor, the plaintiff never said that. The plaintiff said the property had no value. The plaintiff said it never worked. The plaintiff said what he had before and the software they developed. After worked, my clients never worked. When I was at trial and Mr. Just testified to that, many years ago, I remember stopping dead in my tracks and thinking, why are we here? A plaintiff cannot come to court or should not come to court and ask for compensatory damages if there have been no losses, and it seems like the court got wrapped up in the liability. Well, why wasn't it a loss to have to pay $41,000 to have the work reproduced? Because they got something that worked and was much better by their own testimony. Nothing that's what they said unequivocally.  We spent three months. Well, there's a difference between never working and having some value. I mean, the district court held that the code that was taken had some value, and I guess one of the bases that makes that seem reasonable is that why would Mr. Bice take it for, as the district court found, for leverage and negotiations to get a bigger part of the equity if it had no value? I mean, just common sense says it wasn't completed yet, it still needed further work, but it had some value, and in the absence of being able to springboard from the work that was already done, they had to start all over again from scratch, which is essentially what the district court held, which seems reasonably supported by the facts. So I'm having trouble understanding your argument on that point. Because that is, with all due respect, a conjecture or speculation based on the testimony. The testimony was that it didn't have any value. I have asked Mr. Just, tell me where the harm comes from. Where is the harm? And he said, we hoped it would work, but it never did. So if a plaintiff comes to court, they can maybe recover attorney's fees, punitive damages. This is about compensatory damages. And so he's saying we developed something, we didn't even use it. They had it back in their possession after the TRO. It was detained for a very short period of time. It wasn't fully returned, however, is what the district court held. And I think Mr. Bice admitted that he redacted the programmer's notes. So they returned the car without the engine, basically. There was no evidence that the engine had any value or needed to be used. A plaintiff must prove damages. The court must not speculate on what those could be because they found liability. A court must not look at the facts and say, well, there had to be value because of this. A plaintiff must come to court and say, this is the value. A plaintiff must say, I could not reach value because of the nature of the property. Chestnut never said that. And that's what's happened here. Well, I guess I understand your argument, and it might be a good argument in front of the district court who was making the decision. But the district court adds, what I'm looking at is, first of all, is there a standard by which he can find these damages? And secondly, are there facts upon which he can rely then to give the damage? And as my good colleague said, it seems to me there are facts upon which he can rely, even if they're not facts you really don't like. My worry was, is there an appropriate view from the Idaho Supreme Court to sustain the facts he looked at? And you evidently say there is. It is Luzar or it is Nora. And so, therefore, I've got the appropriate standard, if you will, and now I have to apply it to facts, and the district court has to determine the facts. I can't go determine those facts again. All I can say is there are no facts which would sustain what you did. Would you agree with that? I would not, because I think if you back up, Your Honor, and say that what are the facts you have to start with the standards set by the Idaho Supreme Court. First, you look at the value of the property. Then, if there is no value, I'm sorry. Well, but just a minute. But just a minute. That's not the only thing the Supreme Court has said. Yes. We went through that. Peasley says one thing. Luzar says another. Nora says another. All for conversion. And so I'm having to apply those standards to these facts, am I not? Yes. But the standard, if you apply it to the facts, does not lend to the conclusion that there are any damages. A plaintiff comes to court and says my property has no the property detained had no value, had no value to me. I could never use it. It never worked. But I rebuilt. Do you challenge the fact that it took $41,250 to put it back together? Yes, I do. I didn't see that in the record. It took $41,000 to rebuild new code that Mr. Just said worked. I see. So you don't challenge that it took $41,250 to build some code. You just think it was better code. No, I don't think that. Mr. Just testified that that code worked and that my clients never did. So what do we do with breach of fiduciary duty? Well, that's interesting. You've been deprived of a corporate opportunity. You receive the net profits or the net losses but for the breach. We have neither of those here. So how do you explain the Court of Appeals' idea in Pickering to me? Because the Court of Appeals' idea in Pickering is the measure of damages for an action for breach of fiduciary duty is the same as the measure of damages for an action of breach of trust, citing Hudson. So Hudson is a Colorado case. So I went to Hudson. Now, how am I going to get around the Court of Appeals' decision? I don't think you have to. The Pickering case says that the breach of trust measure of damages or the net profits the corporation was deprived of or the net losses that would not have occurred, you can apply that simple measure of damages to the undisputed facts here, coming straight from the plaintiff. Adopt those as true, and there cannot be damages. Otherwise, you have a windfall. You have 35 seconds left for rebuttal. Thank you. Manwaring, representing JustMed, Inc. I appreciate the Court's time here. And the appeal is based upon the misrepresentation that this code had, quote, no value. And Mr. Bice keeps repeating the misrepresentation that just testified that it didn't work. That is just not true. And that argument was made in the first appeal. The argument has been made in the nine forums I've been in since this thing started, and no court has ever bid off on it. And then finally, Judge Williams, in his last opinion, took it on head-on. And he made specific factual findings. He said the Bice code, quote, obviously had some value. That's on page 10 of the memorandum decision and order. And he went on to say, quote, further, just did not testify that it did not work, close quote. Mr. Bice keeps repeating, and I counted up in between the two briefs. Well, it says it functioned, the court goes on to say, it functioned on the JustTalk device, but never functioned reliably on a laryngectomy. It had some problems, no question about it. But there's no testimony that it didn't work and it was valueless. It was good code, and it could be built upon, and it was almost there, and they were about ready to sell the company. And Judge Williams made a specific finding that Mr. Bice deleted the code to get leverage and to sabotage the deal. That's his word, the judge's word, sabotage. And leverage was Mr. Bice's words. So what you're really arguing then, Mr. Manwaring, is that there is evidence in the record to sustain what the court did. Yes. And then counsel goes on and has made this argument with that there's only one way to measure damages in a conversion case, and that's compare market value taken versus market value returned. That is one way. And in the appropriate case where the facts fit, then you apply that measure. But that's not the only measure, because conversion cases come in all sorts of adjusted positions of facts and different things that have happened. And in this case, Judge Williams said there's no way to exactly put a value on this because it was high tech and it was a new thing, and how are you going to put a value on it, although we know it did have some value, he says. But then we go to the other cases Judge Justice Smith has mentioned, and there's a myriad of ways to fashion damages in a conversion case depending on what the facts are. And it's not just this one market value versus value was taken back. That's not an exclusive. And Peasley does not say that is the exclusive way. And Judge Williams did an excellent job in his last opinion going through all these different authorities and how that these damages can be fashioned. They are reasonable necessary, their expenses to recover, to recreate, replacement costs, and rebuilding the code. And he says those are all legitimate ways to measure damage in a conversion case and in a breach of fiduciary case. If we look at the conversion case and we suggest the judge was correct in that, do we even have to reach the fiduciary damages case? Because my guess is this case is coming again. I mean, we've been at this for nine years. And the reason I ask that is because Steelman's pretty straight that the usual manner of damages in a breach of fiduciary duty by a corporate director is the profit which the director received and which the corporation was deprived of by the transaction, which in that instance I think you get nothing for the breach of fiduciary duty. But, again, does the case say this is the exclusive way? It does not say. So I look at Pickering. And Pickering says the proper measure is for the breach of trust. But then it goes on to calculate the damages for the breach of trust, as your good counselor has suggested, based upon net profits, not anything else. So, again, I'm back at the same point. It seems to me your case for the conversion is sits on a little better stand than the Idaho fiduciary law. Just let me ask you about this. I mean, if you could respond. Is there a case I can look at? Go ahead. Well, again, Pickering is not an exclusive measurement. And Judge Williams went on and he analyzed the restatement of trust. And in there it says in an amount of money. Did we ever adopt the restatement of trust in Idaho? I can't answer that, Your Honor. Well, I've never seen it. I tried to find the case. So I didn't know why Judge Williams went there. Well, I thought that this is the question I had that I was trying to interject, was I thought Pickering cited Hudson. And Hudson cited the restatement of trust and said that the primary goal is to make the trust in beneficiaries whole. Was I misreading that? No. I think you're right. And the restatement adds an element in the last revision, the third, to restore the values. And that's exactly what this expense was, to restore the value, get it back up and working. Now, there's no — I mean, the restatement is just a statement of the common law. Idaho has adopted the common law. Now, they haven't — Well, they have their own common law. Well, true. But the restatement is a reasonable attempt to codify — not codify, but to restate what the common law is. There's no case law in Idaho that says we are going to reject that. Well, but every other time I've seen good counsel come before me in Idaho, they've always said, we adopted this part of the restatement. Here's your case, Judge. Well, sometimes that has expressly been done. In this case, it hasn't been done yet. They haven't gotten the case yet. But the point is, these are garden-variety torts. In tort, there's a wide range of ways to fashion and measure damage. And in both of these, conversion and breach of fiduciary duty, it's a reasonable measurement to — to recognize the — the expenses of recreating and these consequential damages that has occurred but for Mr. Bice not deleting — or but for him deleting the code. Could I ask you about the other — or one of the other errors that Appellant argues that the court erred in tacking this judgment onto the prior judgment. And your argument, if I understand it, is that this argument was never properly raised in the district court and is therefore waived. Now, can we reach it anyway because it raises a legal issue, or is it your position that we shouldn't reach it? Could you address that? I'm not sure I'm following you, Your Honor. So the Appellant argues that the district court erred by failing to vacate the prior damages award, thus resulting in post-judgment interest being tacked on. Well, what happens is — I think what happened is, in the original opinion that Judge Williams authored, he just didn't link up conversion and breach of fiduciary duty to the damages. But now he has. So the damages flowed from the time of the original opinion. Now, is it the same measure of damages? Because if the district court determined damages under this misappropriation, which we then said was wrong, or that the misappropriation of trade secrets was wrong, then the district court would have had to — we'd have to say that the district court meaningfully ascertained damages at the time of the first opinion. And if it's a different standard, we couldn't do that. Well, the Court of Appeals, the first go-round, didn't say that the measure of damage was wrong for misappropriation of trade secrets. What the Court of Appeals said was, we see a missing element that Mr. Bice didn't take the stolen software and publish it. And it read into the Idaho Trade Secrets Act an element that you have to have had published it or put it out in the public domain. So the reversal on the Trade Secrets Act had nothing to do with the damages. It had to do with a missing element. All right. But if the Trade Secrets Act, which I don't believe it does, but if it had statutory damages like $1,000 per incident, then clearly that calculation of damages wouldn't be applicable for conversion. Well, what happened in the original opinion is the Court just failed, and nobody saw it, just failed to connect it up to conversion and breach of fiduciary duty. So that's why the Court of Appeals in the first go-round says, we're reversing the Trade Secrets Act, but we send it back to see whether these damages connect up, the Court will connect up to conversion and breach of fiduciary duty. There was no ruling that the measure of damage was wrong or that it was improper. So now, Judge Williams has now made factual findings of value, that there was value, that causation did occur, and that the amount of damages under a permissible measure of damage is under both torts. So now it's connected up, and I think, in truth, in the first go-round, it was just an oversight, that that connection didn't get made in the first opinion, which generated another hearing before the fact-finder, and now this new appeal. Supposing that I disagree with you. Supposing that I say what happened in the first go-round was that the, if you will, the premise for which the damages were to be awarded was reversed, and so sent it back to find out whether you even got any damages as relates to the second and the third. Can the district court still decline to vacate the original judgment? Yes. Why? Because the damages flowed from the same bad acts that occurred in the original opinion. So it would be totally different. So you're saying that in the instance if he, if Judge Williams would have found that there were less damages, it would have been nonetheless okay for the district court to keep the judgment going, but then reduce that judgment at that time? Yeah, I think it would. For the two other theories? That's a different thing that didn't happen, Your Honor. And if that had happened, I agree with you, there would be a problem. Well, but the problem that I see is, in order to buy your theory then, I've got to suggest, based on your argument, that it was okay to keep the judgment going simply because he thought the damages were okay, and now you just had to link up a theory to make them. And if I don't believe that or I don't agree with that, it seems to me, unless you've got another good argument for why he could have kept the judgment going, it was an abuse of discretion not to vacate it. Because these damages flowed and occurred way back with the original acts, the original act of conversion. In the first opinion, conversion and breach of fiduciary duty were found and liability was determined. Is it enough for the district, for Judge Williams to have said, you know, if I don't keep this judgment going, they've now gone into bankruptcy, and therefore, eliminating it will cause this to be an unsecured situation. Is that enough for Judge Williams to keep it going? No, that's not what he said. No, I didn't say that's what he said. He didn't say it, but I'm saying to myself, what is the consequence of him just eliminating the judgment rather than keeping it going and then trying to put a theory into his ultimate damages? The consequence is that the plaintiff went into bank or the defendant went into bankruptcy. Well, we have a pending action in the bankruptcy court objecting to discharge. I don't know if that's clear, but liability for conversion and breach of fiduciary duty was determined in the first opinion and was not appealed. It was not appealed. So we had a liability, but in the language of the first opinion, it just didn't link up to the $41,250. I think it was just an oversight. So in your view, Judge Williams said there was an action, there was liability, and all we did was send it back to have him make sure he could give damages for that liability? That's what the Ninth Circuit did. They just sent it back to have him consider whether damages flowed from breach of fiduciary duty and conversion. And if those did, it makes no sense whatever to make them effective seven years later when the bad acts that caused the liability occurred seven years earlier. So we ended up. I understand your argument. Your Honors, I appreciate the time. I'm out of time. And thank you very much. We ask the Court to deny the appeal. You only have a few seconds left, but I do, I would like to ask you about this post-judgment interest argument. The appellant, one of the appellant's arguments is that Bice weighed this issue because it raised, he raised the issue for the first time in a motion to alter judgment filed on December 6th. And Bice filed a motion withdrawing that motion the following day. So this issue was never raised before the district court. That's one of the arguments the appellant made. Is that incorrect? It is. I would refer the Court to tab 10 of the record on appeal, page 11, where I argued in briefing, and I also argued at, in front of Judge Williams, that the judgment had to be vacated because of the Ninth Circuit's decision and order, which was that the judgment was reversed. Those words were used. The thing that never made sense to me is that Judge Williams did find that same thing. If you look at tab 2, page 1 of the record on appeal, Judge Williams did vacate the judgment. He said, based on the Ninth Circuit's opinion, the judgment is vacated. Well, they say that the argument is that Bice filed the motion to vacate but didn't raise the particular argument about post-judgment interest and didn't raise that until the motion to alter judgment. No. I raised the issue that the judgment had to be vacated and that the post-judgment interest was accruing, improperly so, if the judgment was not vacated. In briefing, which is in the record on appeal in the tab that I gave to you, I made a quick motion right after the Ninth Circuit opinion and came out and said, please vacate the judgment. Here's the order. Judge Williams declined to do so and sent us to mediation. I've argued that many times, that Mr. Bice is paying post-judgment interest on a judgment that was vacated by this Court. It was reversed. Those words, that was the word used. I just have one final remark on the conversion claim, and that is, Mr. Manwaring said there is evidence to support the conclusion that Just Med was harmed. I have never, in briefing, if this Court looks closely at Just Med's briefing, they do not point to any evidence in the record. They point simply to Judge Williams' opinion. Judge Williams does not point to anything in the record. Because if you look at the record and the undisputed testimony, they said they did not show damages. They did not show the property had value at all. And so there is no evidence to support it. The Idaho Supreme Court three times has overturned damages in three cases I've cited because damages were based on speculation or conjecture. That's what I believe the Idaho Supreme Court would do here. These are damages based on speculation and conjecture, therefore must be reversed. Thank you. Thank you for your arguments. The case of Just Med v. Bice is submitted.
judges: Goodwin, Ikuta, Smith